IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | | |
|---|---|---|
| **BRIANA BAKER,** | § | 2021 NOV -4  P 12: 38 |
| | § | |
| Plaintiff, | § | DEBRA P. HACKETT, CLK |
| | § | U.S. DISTRICT COURT |
| v. | § | MIDDLE DISTRICT ALA |
| | § | CIVIL ACTION NO.: |
| **TRI-STATE DISTRIBUTION GROUP,** | § | 1:21-cv-750 |
| **LLC D/B/A MIGHTY AUTO PARTS,** | § | |
| | § | **JURY DEMAND** |
| Defendant. | § | |
| | § | |
| | § | |

## COMPLAINT

### I. INTRODUCTION

1. This suit is instituted to secure the protection of and to redress the deprivation of rights secured by the Acts of Congress known as 42 U.S.C. §1981 ("Section 1981") and Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., providing for relief against gender and race discrimination in employment, and retaliation related to the same. Section 1981 provides relief for race or ethnicity-based discrimination in employment. This is an action for equitable relief, money damages, compensatory damages, liquidated and/or punitive damages, attorneys' fees, and costs.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked according to the Act of Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981. This suit is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991". The jurisdiction of this Court is invoked to secure protection of and redress

deprivation of rights secured by 42 U.S.C. §1981 and 42 U.S.C. §2000 et seq.

3. The unlawful employment practices alleged herein below were committed by the Defendant within Houston County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. PARTIES

4. Plaintiff, Briana Baker ("Baker"), is a female citizen of the United States and a resident of Alabama. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

5. Defendant Tri-State Distribution Group, LLC D/B/A Mighty Auto Parts, ("Mighty Auto Parts) is a domestic limited liability and operates of business in Cowart, Alabama. Defendant is an "employer" subject to suit under Title VII and §1981.

6. Defendant Mighty Auto Parts is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b), and at all times relevant to this action employed or jointly employed at least fifteen (15) or more employees.

### IV. ADMINISTRATIVE EXHAUSTION

7. The Plaintiff timely filed her charge of discrimination based on race and sex with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The Plaintiff further filed her discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

8. Plaintiff files this §1981 race discrimination suit within two (2) years of the discriminatory treatment. 42 U.S.C. §1981 do not require the exhaustion of administrative remedies.

## V. STATEMENT OF FACTS

9. Plaintiff is an African-American female formerly employed by the Defendant as a Salesman.

10. Plaintiff was terminated in or around late January 2020 due to her race and/or sex.

11. In August of 2019, Plaintiff made a formal complaint regarding race discrimination.

12. The Defendant took no action to remedy the situation.

13. In or around September 2019, Jeff Bare told Plaintiff that she would face difficulties because she is a black female, especially as a Salesman.

14. Delana Brickerd overheard some of Jeff Bare's statements but took no action against him.

15. Extra routes were then assigned to Plaintiff instead of Defendant's Caucasian and/or male salesmen.

16. Plaintiff then asked the Defendant why she was ineligible to receive additional compensation for her added job duties.

17. Within days, a Caucasian male salesman was given the additional routes originally assigned to Plaintiff along with a raise and the opportunity to collect commissions for sales garnered on said routes.

18. The Defendant then suspended Plaintiff pending an investigation.

19. Defendant did not inform Plaintiff of the basis of the investigation despite her requests.

20. The Defendant then removed Plaintiff from her work schedule and terminated her employment.

## VI. CAUSES OF ACTION

### A. CLAIM ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RACE AND/OR GENDER-BASED DISPARATE TREATMENT)

21. Plaintiff incorporates by reference Paragraphs 1-7, and 9-20 as if fully set forth herein.

22. Plaintiff was assigned additional routes, and received less in total compensation as compared to her male and/or Caucasian co-workers performing the same or substantially similar work.

23. Defendant ratified the conduct of Jeff Bare and Delana Brickerd by knowingly and recklessly forcing Plaintiff to be subjected to racially discriminatory terms and conditions of her employment.

24. Plaintiff was not compensated as favorably as her male and/or Caucasian co-workers performing the same or substantially similar work.

25. Defendant asserts Plaintiff's termination was for Plaintiff's use of the Defendant's company vehicle outside of work and/or violated company policies.

26. Defendant can identify whether Plaintiff's male co-workers, regardless of race, used Defendant's company's vehicle for purposes other than work.

27. The Plaintiff's male and/or Caucasian co-workers drive the Defendant's vehicles for purposes other than work.

28. Nonetheless, the Defendant did not suspend, investigate, or terminate its male and/or Caucasian employees' employment as it did Plaintiff's.

29. Defendant treated Plaintiff disparately compared to her male and/or Caucasian co-workers where it applied its disciplinary policy such as suspension and termination to Plaintiff on terms less favorable than applied to her male co-workers and/or Caucasian co-workers.

30. This disparate treatment caused Plaintiff's termination and her damages flowing therefrom.

31. Furthermore, the Defendant's stated reason for suspending and ultimately terminating Plaintiff is pretext for discrimination as shown by its refusal to investigate, suspend, or terminate male and/or Caucasian employees for actions Plaintiff allegedly took, along with the the swift hire of a male and/or Caucasian salesman after Plaintiff's termination.

32. Plaintiff's suspension and subsequent termination constitute adverse employment actions wherein Plaintiff's race and/or sex caused the Defendant to terminate Plaintiff.

33. Plaintiff's suspension and subsequent termination constitute adverse employment actions wherein Plaintiff's race and/or sex was a substantial and motivating factor in Defendant's decision to terminate Plaintiff.

34. Defendant's illegal bias caused Plaintiff to suffer, i.e., her loss of advancement opportunities, promotion, and the corresponding benefits associated with advancement and or promotion, including the loss of potentially increased compensation.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq;

b) Enter an Order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**B.     CLAIM TWO – VIOLATIONS OF 42 U.S.C. §1981 (DISPARATE TREATMENT)**

35. In support of her claims of race-based discrimination and/or race-based disparate treatment under §1981, Plaintiff incorporates by reference the factual assertions above only to the extent the allegations above, excluding any reference to sex and or gender-bias, sex and or gender-based motivation, and or sex and or gender-discrimination, within Paragraphs 1-5, 8-20, 21-32, and 34.

36. Defendant's decision to suspend Plaintiff and terminate Plaintiff was based on her race, African American.

37. Based on the preceding, Plaintiff was subjected to race-based discrimination, race-based disparate treatment, and retaliatory discharge due to her complaints about the same.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

> a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are violative of her rights secured by 42 U.S.C. §1981;
>
> b) Enter an order requiring the defendants to make Plaintiff whole by awarding her punitive damages and compensatory damages, and/or nominal damages; and,
>
> c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**C.     CLAIM THREE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)**

38. Plaintiff incorporates by reference Paragraphs 1-7, and 9-20 as if fully set forth herein.

39. Plaintiff made a complaint of disparate treatment based on race and/or gender.

40. Plaintiff's activities discussed above constitute activities protected under Title VII.

41. In response to these activities and in violation of Title VII, Defendant retaliated

against Plaintiff by suspending her, terminating her, and refusing to compensate her as it did male and/or Caucasian employees.

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

    a) Issue a declaratory judgment that the the practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

    b) Enter an order requiring the Defendant to make Plaintiff whole by awarding her the position(s) she would have occupied in the absence of its discrimination based on race or sex, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits.

    c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**D.  CLAIM FOUR – VIOLATIONS OF 42 U.S.C. §1981 (RETALIATION)**

42. In support of her claim of retaliation under §1981, Plaintiff incorporates by reference the factual assertions above only to the extent the allegations above, excluding any reference to sex and or gender-bias, sex and or gender-based motivation, and or sex and or gender-discrimination, within Paragraphs 1-5, 8-20, 21-32, and 34.

43. Defendant's decision to suspend Plaintiff and/or terminate Plaintiff was based on her complaint of discrimination levied in August of 2019.

44. Based on the preceding, Plaintiff was subjected to race-based discrimination, race-based disparate treatment, and retaliatory discharge due to her complaints about the same.

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

    a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant as applied to Plaintiff are

7

violative of her rights secured by 42 U.S.C. §1981;

b) Enter an order requiring the defendants to make Plaintiff whole by awarding her punitive damages and compensatory damages, and/or nominal damages; and,

c) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

Dated: November 3, 2021

Respectfully submitted,

_____
**ERIC C. SHEFFER**
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
**OF COUNSEL**